# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

March 28, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 13-0730** (Fayette County 97-F-116)

**Mark A. Yoney,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Mark. A. Yoney, by counsel James Adkins, appeals the June 26, 2013, resentencing order entered by the Circuit Court of Fayette County following his convictions for conspiracy to commit a felony and felony murder in the first degree. Respondent State of West Virginia, by counsel Scott E. Johnson, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 10, 1997, petitioner was indicted by a Fayette County grand jury on one count of murder, one count of attempted aggravated robbery, and one count of conspiracy to commit a felony (attempted aggravated robbery). The State alleged that on June 7, 1997, petitioner conspired with one adult male, two adult females, and one minor female to forcibly rob the adult male victim of his money. The victim's body was discovered outside of his home in Fayette County on June 9, 1997. An autopsy determined the cause of death to be a gunshot. Petitioner claims that he tackled and struck the victim but denies shooting him.

James Billings was appointed by the court to represent petitioner on June 18, 1997, and he remained petitioner's counsel through trial and post-conviction motions, including the filing of a Petition for Appeal with this Court. On October 22, 1997, counsel for petitioner filed numerous pre-trial motions, but it appears that no orders were ever entered by the circuit court concerning those motions.[1] Motions for scientific evidence, adequate clothing for petitioner, and to dismiss the indictment were all denied at a November 12, 1997, hearing. However, the motion to sever petitioner's trial from the male co-defendant's trial was granted at that hearing. Petitioner filed a

---

[1]Judge Charles M. Vickers presided over petitioner's trial.

1

motion to bifurcate the guilt and mercy phases of the trial and a hearing was held on that motion, but no order was entered regarding that motion. A jury trial was held in November of 1997, and during the opening statement, Mr. Billings informed the jury that petitioner had "a year or two ago" pled guilty to grand larceny for breaking into a garage and car and stealing a purse. On November 22, 1997, the jury found petitioner guilty of conspiracy to commit the felony of attempted aggravated robbery and murder in the first degree (felony murder); the jury recommended mercy. The parties agreed that the charge of attempted aggravated robbery merged into the charge of felony murder.

On December 3, 1997, petitioner's trial counsel filed a motion for a new trial, raising "prosecutorial overmatch," ineffective assistance of counsel, and the questionable competency of his client. In that motion, petitioner's trial counsel noted he had become aware during trial preparation that petitioner was of limited intelligence. The motion also states that petitioner entered a plea of guilty to a prior charge, giving counsel the impression that petitioner could cooperate in trial. "Contrary to this assumption, however, [petitioner] was not able to cooperate or assist during the trial, had little or no understanding of trial proceedings and could provide no input into material issues of evidence or instructions." The motion also asserts that counsel for petitioner erred by failing to obtain a psychological evaluation prior to trial.

A hearing was held on December 10, 1997, to address the motion for a new trial. During that hearing, trial counsel admitted that he had not spent a great deal of time speaking with his client prior to trial preparation and stated that he took the entry of petitioner's plea in a previous case "incorrectly" when he interpreted that plea to mean that petitioner was competent to enter a plea. Counsel then informed the court that while they were awaiting the jury verdict, petitioner "couldn't relate back to [him] what these people had said," which led to trial counsel seeking and obtaining petitioner's school records. At the December 10, 1997, hearing, trial counsel presented the circuit court with a series of reports regarding petitioner's early childhood years through eighth grade. Petitioner's scores for oral and auditory perception, as well as visual perception, were at or below the thirtieth percentile, with some scores as low as one percent. Counsel moved to postpone the circuit court's ruling on the motion for a new trial to allow for a psychological evaluation of petitioner, stating he believed that the lack of a request for a competency exam was trial counsel's error. However, the circuit court ruled on the motion, finding that competency had not been raised until the motion for a new trial and that there was nothing before the court that indicated incompetency. The circuit court found that while there was an indication that petitioner had a low level of intelligence, it did not rise to a finding of incompetency. The circuit court also specifically found that trial counsel had been practicing criminal law for approximately fifteen years and that "the items that were set out as being ineffective assistance of counsel the [circuit court viewed] strictly as trial strategy."

On February 2, 1998, petitioner was sentenced to the West Virginia State Penitentiary system for an indeterminate period of one to five years for conspiracy to commit a felony, and to life with a recommendation of mercy for felony murder in the first degree, with the sentences to run consecutively. At that time, petitioner's probation for the prior charge of grand larceny was revoked, and he was also sentenced to one to ten years of incarceration with credit for time served.

2

On February 11, 1998, petitioner wrote to this Court concerning the deadline for the filing of his appeal. In that letter, petitioner said that Mr. Billings had told him he had grounds for an appeal, but that he had to file the same before February 25, 1998. Petitioner stated that he had submitted numerous request slips to have an attorney appointed and that he filled out his pauper's affidavit in January of 1998, but had not received any response. Rodney Teal, then-Clerk of this Court, responded to petitioner on February 18, 1998, acknowledging receipt of petitioner's petition for appeal, stating that petitioner's case would be assigned to a staff attorney for review and presentation to this Court. On April 20, 1998, Mr. Billings filed a motion seeking to withdraw as counsel, writing that "during post trial discovery and during the pretrial and trial in this matter it became apparent that counsel did not properly interpret certain psychological problems of [petitioner and that] . . . the facts should be reviewed by another attorney to determine [the] propriety of those issues for appeal." By order entered May 7, 1998, the circuit court denied the motion to withdraw and extended the time period for the filing of petitioner's appeal for an additional sixty days. Mr. Billings filed an additional motion to enlarge time, and the deadline was again extended by this Court to September 8, 1998.

On September 8, 1998, Mr. Billings filed a Petition for Appeal with this Court, raising as grounds prosecutorial misconduct, mental incompetence of petitioner, and ineffective assistance of counsel. On January 12, 1999, Deborah McHenry, then-Clerk of this Court, sent a letter to Mr. Billings requesting that he "advise if there is any reason you feel that this petition should be considered timely filed." On March 5, 1999, this Court entered an order refusing petitioner's attempted filing a pro se petition for appeal. In May of 2013, the circuit court consulted with Rory Perry, Clerk of this Court, and it was determined that this Court had never ruled upon the Petition for Appeal filed by trial counsel. Further, no evidence was found in the files maintained by the circuit clerk and this Court that trial counsel ever replied to this Court's January 12, 1999, letter regarding the "timeliness" of the filing of the Petition for Appeal.

On August 26, 2007, petitioner executed a *Losh* checklist.[2] On May 29, 2008, petitioner appeared for his omnibus habeas corpus hearing concerning petitioner's pro se habeas petition and amended petition filed by counsel. The grounds set forth in the amended habeas petition were: 1) ineffective assistance of counsel, as counsel did not adequately request an examination for competence prior to trial; 2) ineffective assistance of counsel when counsel disclosed petitioner's prior conviction to the jury; 3) ineffective assistance of counsel and the denial of due process of law when this Court denied petitioner's pro se petition for appeal without determining whether he was making a knowing and intelligent waiver of appellate counsel; 4) the State's failure to provide discovery as requested by petitioner's trial counsel in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article III, Section 10 of the West Virginia Constitution; 5) failure to establish petitioner's mental competency to stand trial; 6) petitioner was twice placed in jeopardy for the same crime in violation of the Fifth Amendment to the United States Constitution and Article III, Section 5 of the West Virginia Constitution; and 7) cumulative errors in the underlying criminal case.

In its June 26, 2013, order, the circuit court found the following: petitioner's February 11,

---

[2]See *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

1998, letter to this Court was not a knowing and intelligent waiver of his right to appellate counsel; petitioner's mental competency was an issue raised both in the amended petition before the circuit court and the Petition for Appeal filed by trial counsel; it was highly questionable whether petitioner was possessed of sufficient mental capacity to make a knowing and intelligent waiver of his right to counsel on appeal; trial counsel's failure to respond to this Court's letter of January 12, 1999, and his failure to take reasonable action to ensure that the Petition for Appeal were considered by this Court is convincing evidence of the existence of ineffective assistance of counsel; but for the unprofessional conduct or lack of conduct on the part of trial counsel, petitioner's Petition for Appeal would have been considered by this Court; and petitioner's claims of denial of due process and ineffective assistance of counsel in the prosecution of his direct appeal clearly rise to the level of probable cause necessitating the issuance of the requested writ. The circuit court also found that petitioner was entitled to prosecute a direct appeal to this Court as to his felony convictions, but that, absent an appeal, the circuit court was reluctant to disturb the jury's guilty verdicts and the subsequently imposed consecutive sentences in the underlying criminal case. It went on to find that the appropriate remedial action was for petitioner to be resentenced, with credit for time served, because such resentencing would enable counsel to timely file a petition for appeal on petitioner's behalf. Further, since the circuit court found that petitioner was denied his constitutional rights to due process and effective assistance of counsel in prosecuting a direct appeal, it declined to review the remaining grounds for relief raised by petitioner. The circuit court ordered that a resentencing order be entered for the purpose of providing petitioner the opportunity to file a petition for appeal. Petitioner appeals from that resentencing order.

In his appeal, petitioner sets forth three assignments of error. He first argues that he was denied due process of law because the trial court denied his request for a competency examination after trial counsel raised a good faith doubt as to petitioner's competence. Petitioner asserts that when a trial court is made aware of a possible problem with a defendant's competency, it is an abuse of discretion to deny a motion for a psychiatric evaluation. Trial counsel raised the issue of petitioner's competency to stand trial at a hearing on petitioner's motion for a new trial in December of 1997. At that point, counsel requested a delay of sentencing until a psychiatric evaluation could be performed. Trial counsel admitted that prior to trial, he spent approximately three hours with petitioner, as the bulk of the trial preparation interviews were done by counsel's investigator. Trial counsel stated that when the jury was deliberating at the conclusion of the trial, counsel had the opportunity to spend some time with petitioner and learned that petitioner was unable to recall in detail the testimony of specific witnesses or other events during the trial. Petitioner points to his school transcripts that evidence poor performance. He contends that he was denied due process of law when trial counsel placed on the record facts to establish a reasonable concern for petitioner's competence and the trial court failed to utilize adequate procedures to obtain a competency examination.

"Because a trial court is able to observe the demeanor of the defendant and consequently has a better vantage point than this Court to make determinations regarding mental competency, we will disturb a lower court's ruling denying a psychiatric examination and related proceedings only where there has been an abuse of discretion." *State v. Saunders*, 209 W.Va. 367, 379, 549 S.E.2d 40, 52 (2001) (citing *State v. Arnold*, 159 W.Va. 158, 163, 219 S.E.2d 922, 925 (1975)

4

(overruled on other grounds)). Counsel for petitioner did not present any evidence to the circuit court that petitioner engaged in irrational behavior, had a mental illness, exhibited any behavioral abnormalities, or had previously been confined due to mental issues, nor was there any testimony of incompetence. There was no motion for a mental competency evaluation prior to or during the jury trial, and it appears from the record below that neither the circuit court, the prosecutor, nor trial counsel had noticed any concerning behavior during the trial or the hearings prior to trial. For these reasons, we cannot conclude that the circuit court abused its discretion in denying petitioner's request for a psychiatric examination.

Petitioner next claims that he was denied effective assistance of counsel when counsel disclosed petitioner's prior conviction for grand larceny to the jury during opening statements. Petitioner admits that counsel's intention in disclosing the conviction was to demonstrate that Jeanette Dotson, the person who turned the murder weapon over to law enforcement, had a reason to fabricate evidence against petitioner. This highlights the possibility that the disclosure of the prior conviction was a strategic decision by the defense. We stated in Syllabus Point 10 of *State v. Triplett,* 187 W.Va. 760, 421 S.E.2d 511 (1992), as follows:

> It is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim.

*See State v. Smith,* 226 W.Va. 487, 493 n.6, 702 S.E.2d 619, 625 n.6 (2010) ("Because we do not address the defendant's proportionality arguments on the merits—other than concluding that it is not properly raised on direct appeal—the defendant is not barred from raising that issue in a petition for writ of *habeas corpus ad subjiciendum*.") As set forth above, the circuit court has already addressed petitioner's claim of ineffective assistance of trial counsel in the habeas proceeding. For these reasons, we decline to address this assignment of error at this juncture.

Petitioner's final assignment of error is his contention that he was denied presentence detention credit of 113 days on his aggregate sentence for time served in a prior case, Case No. 96-F-118. Petitioner argues that while he received credit for 220 days spent in jail beginning on June 8, 1997, he did not receive credit for time served between September 20, 1996, and January 9, 1997.[3] According to petitioner, he was arrested on September 20, 1996, and remained incarcerated until January 9, 1997, at which time his sentence was suspended and he was placed on probation. Petitioner's probation from Case No. 96-F-118 was revoked in the original sentencing order entered by the Circuit Court of Fayette County in 1998 in Case No. 97-F-116. In the resentencing order entered on June 26, 2013, the circuit court stated that the order revoking probation in Case No. 96-F-118 shall remain in full force and effect. Petitioner did not file a motion for correction of

---

[3] Petitioner claims that this time period entitles him to 113 days of credit, but our calculations differ from petitioner's.

sentence in either Case No. 96-F-118 nor 97-F-116. Because the requested consideration for time served related to Case No. 96-F-118, which is not the case on appeal to this Court, we decline to address this assignment of error. However, nothing in this memorandum decision precludes petitioner from filing a motion before the sentencing court to address this issue.

For the foregoing reasons, we find that the circuit court did not abuse its discretion in entering the resentencing order under the facts presented to this Court. We, therefore, affirm the June 26, 2013, resentencing order entered by the Circuit Court of Fayette County.

Affirmed.

**ISSUED**: March 28, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II